IN THE FEDERAL DISTRICT COURT
BALTIMORE, MARYLAND

Michael E. De Blasis
7349 N. Via Paseo Del Sur, #515-147
Scottsdale, Arizona 85258-3765
(612) 267-9016
Plaintiff in Pro Per

MICHAEL E. DE BLASIS, )  Case No. _____
 )
 Plaintiff, )
 )
 vs. )
 )
SAMUEL J. DEBLASIS II, )
 )
 Defendant. )

## **COMPLAINT**

1. The three Maryland Courts, have violated the plaintiffs Federal Constitutional right under the Fourteenth Amendment's due process of law and 42 U.S. Code §1983.

2. Fraudulent Concealment of important estate documents requested by the plaintiff.

3. Claim Preclusion would not bar this matter because of concealment and the subsequent case occurred at a different time, different claims, and different conduct. This is the same formula newly found in Lucky Brand Dungarees Inc. v. Marcel Fashion Group, Inc., Cite as: 590 U.S. _____ (2020). The U.S. Supreme Court case of Preclusion Principles.

## PARTIES

1. Plaintiff (Michael E. De Blasis) address at 7349 N. Via Paseo Del Sur, #515-147, Scottsdale, Arizona 85258-3765.

2. Defendant (Samuel J. DeBlasis II) currently does business at 17251 Melford Boulevard, S-200, Bowie, Maryland 20715 and 12320 Pleasant View Drive, Fulton, Maryland 20759.

## JURISDICTION AND VENUE

Maryland State Statute Code E.T. §14.5-202. Jurisdiction subsection (a) Trustees — "By accepting the trusteeship of a trust having the principle place of administration for the trust in the State or by moving the principle place of administration to the State, the trustee submits personally to the jurisdiction of the courts of the State regarding a matter involving the trust." subsection (b) Beneficiaries — paragraph (1) "[T]he beneficiary is subject to the jurisdiction of the courts of the State regarding a matter involving the trust."

42 U.S. Code §1983. "Civil action for deprivation of rights," in the Howard Country Maryland Court of Special Appeals and a denial from the Maryland Court of Appeals, regarding the Fourteenth Amendment of the United States Constitution's "due process of law." The proper jurisdiction and venue is the United States District Courthouse in Baltimore, Maryland.,

## STATEMENT OF THE CASE

All three Maryland Courts have violated the United States Constitution's due process of law clause of the Fourteenth Amendment in deprivation of the Plaintiffs right to a full and fair hearing. These deprivations will be discussed later. Moreover, the original subject matter of this case will be immediately reviewed.

Page 5. The Court ruled that television and remote viewing could not replace personal attendance.

The intermediate Courts statement that 5:30 am "could be burdensome" and it doesn't conflict or deprive the Appellant Constitutional rights, is a violation of the Fourteenth's Amendment Clause of due process of law.

Remember, the Supreme Court above stated that during a pandemic the Federal Constitution can't be "put away and forgotten." Id at Page 5.

In an adoption case, the United States Supreme Court stated "A fundamental requirement of due process is 'the opportunity to be heard,' and an opportunity which must be granted at a <u>meaningful time and in a meaningful manner</u>." see Armstrong v. Mango, 380 U.S. 545 (1965) at Page 380. also Goldberg v. Kelly, 397 U.S. 254 (1970) at 267. (emphasis supplied.)

The Opinion of the Court of Special Appeals has violated and deprived the Appellant by contravening the requirements of the Fourteenth Amendment. This is not a fair hearing essential to due process of law or the "rudimentary requirement of fair play." see <u>Morgan V. United States, 304 U.S. 1(1938) at Page 304 U.S. 15</u>.

With the advent of this plague and its problems, the Court could have rescheduled in early 2022. 5:30 am is certainly not fair or sensible. "The touchstone of due process is protection of the individual against arbitrary action of government." see Wolff, Warden, Et Al. v. McDonnell, 418 U.S. 539 S.Ct. (1974) at 558. In the case of an individual's security clearance for employment in the defense field, the Supreme Court's exposition of due process of law stated that "[t]his Court has been zealous to protect these rights from erosion." <u>Greene v. McElroy, 360 U.S. 474 S.Ct. (1959) at 496</u>.

In <u>United States v. Virginia, 518 U.S. 515 (1996) at 570</u>, the Supreme Court stated, "This is not the interpretation of a Constitution, but the creation of one." The Court of Special Appeals has forgotten due process of law in the Maryland Constitution. The ultimate interpreter of the Federal Constitution is the United States Supreme Court, see <u>Baker v. Carr, 369 U.S. 369 (1962) at 211</u>. also <u>Powell v. McCormick, 395 U.S. 486 (1969)</u> and <u>United States v Nixon 418 U.S. 683 (1974) at page 418 U.S. 703</u>.

The Opinion of this particular matter from the intermediate Court, vitiated and extirpated the application of due process of law through their erroneous Constitutional interpretation of this matter.

In addition, Judge Bernhardt, ab inito, prefaced his fact finding remarks with defining the doctrine of res-judicata to the Plaintiff. The transcript illustrates his remarks, "I instruct the Defendant as an officer of the Court by being an attorney that if I am incorrect he is to correct me... To the Defendant, have I accurately to your understanding expressed what the law is?" Page 4, Line 18-20, Page 5, Line 7-9 (regarding res-judicata).

In <u>Goldberg v. Kelly, supra at 267, 269</u> the Supreme Court states "[A]n impartial decision maker is essential." This is "[t]he fundamental requisite of due process of law." see also, <u>Mathews v. Eldridge, 424 U.S. 319 (1976) at Page 19</u>, see also, <u>Wong Yang Sung v. McGrath, 339 U.S. 33, 45-46 (1950)</u>.

Judge Bernhardt's instructions to the defendant are arbitrary, capricious and discriminatory and contrary to due process of law and to the Plaintiff for a full and fair hearing that has an impartial decision maker – guaranteed and demanded in the Fourteenth Amendment.

Lastly, Adams Housing filed an "Occupancy Ordinance" action against the City of Salisbury, Maryland in the matter of <u>Adams Housing LLC v. The City of Salisbury, Maryland,</u>

No. 15-2589 (4th Cir. 2016). The United States Court of Appeals for the Fourth Circuit concluded that a teleconference call "[d]id not provide an adequate opportunity for Salisbury to present its case." All part of the Fourteenth Amendment of due process of law. at pages 7 and 8.

The Federal Constitution requires a fair and open hearing "[b]efore a tribunal," see supra Wong Yung Sung v. McGrath at page 339, 50, see also Morrissey v. Brewer, Warden, Et al. 408 U.S. 471, S. Ct. (1972), "Opportunity to be heard in person..." Page 11 at 33.

In the United States Supreme Court's discussion of the history and construction by Congress of 42 U.S. Code §1983, see Monroe Et. Al. v. Pape, Et. Al., 365 U.S. 167 (1961) Id at 195 One of the constructors of this code, Senator Blair, stipulates that "discrimination by the law of any State," should be forbidden by the Federal Constitution, "[a]nd all the judges, state and national, being sworn to support the Constitution..." Id at 195.

The Supreme Court continues to state that of §1983, that the basic "centerpiece" of the emerging post-Civil War ear law was the Fourteenth Amendment, quoting the Court "the role of the Federal Government as a guarantor of basic federal rights against state power was clearly established..." The Court continues, "It is clear from the legislative debates surrounding passage of §1983's predecessor that the Act was intended to enforce the provisions of the Fourteenth Amendment 'against State action... whether that action be executive, legislative, or *judicial*.'" see Mitchum v. Foster, 407 U.S. 225 S.Ct. (1972) Id at 239, 240 (emphasis supplied).

**CLAIM PRECLUSION**

The Restatement of Judgment (Second) §74, defines res-judicata as the rubric of two principles. Claim preclusion and Issue preclusion. see footnote of Allen v. McCurry 449 U.S. 90 (1980) #5 footnote.

The United States Supreme Court recently, through explication, defines res-judicata in Lucky Brand Dungarees Inc. v. Marcel Fashion Group, Inc. Cite as: 590 U.S. ___ (2020)

7

quoting "res judicata: a term that now comprises two distinct doctrines," which the Court calls issue preclusion and claim preclusion. Id at page 6, 7. In this matter the Court wanted to settle the differences and confusion among the lower Circuits in their misapplication of claim preclusion using defenses brought in subsequent to the prior suit.

There would be no more use of the term "defense preclusion" and that is the main purpose of the Courts explanation and review of this matter.

In the Oral arguments, Justice Alito, as he directed his comments to the lawyer representing Lucky Brand and the Court about claim preclusion, stated that "[t]he Restatement might not be right. It's not, we don't have to accept." This may be part of the countervailing change the Courts exposition and modification of the Restatement (Second) of Judgments § 24 'Transactional Test." (Audio of the Court at 8:42 time).

The Courts new formula is whether the claim or defense involved "different marks, different legal theories, and different conduct – occurring at different times" supra, page 8, 10. Different marks had to do with the two parties "use of the word "Lucky" in their advertisements (trademark).

In the Court of Appeals of Maryland case of Kent Country Bd. Of Educ. V. Bilbrough, 309 Md. 487 (Md. 1987), Judge Rodowsky states, "No party has argued that federal law differs from Maryland law. Therefore we assume that the federal laws of claim and issues preclusion is the same as Maryland law." Id at 494.

The same Court explains Claim preclusion in the <u>Mettee v. Boone</u> case of leaking pipes in a newly constructed house. Both suits were based on the same leaking pipes, the legal theories were the only difference. Whitaker v. Whitaker, was also cited in this Court as the prior and subsequent action were based on the same real estate. Id at 495.

These preclusion examples are inappropriate and antithetical to this case. Removing the Trustee in the prior case and requesting information from the Trustee of Gertrude DeBlasis Estate and Trust are, sui generis, of these case examples and are not barred or merged together as precluded claims.

The Supreme Court of Indiana reviewed a medical malpractice matter, quoting the Court "where a fiduciary or confidential relationship exists… there exists a duty to disclose material information between the parties and a failure to do so results in concealment." see Hughes v. Glaese, 659 N.E.2d 516 (1995) at page #5.

Concealment is an exception to claim preclusion see Restatement (Second) of Judgment §26 Comment j. see also Harnett v. Billman, 800 F.2d 1308 (4th Cir. 1986) at page #6.

The United States District Court for the District of Maryland, MJG-13-2947 (D. Jun. 23, 2015) stated in Williams v. Home Props., L.P. under Maryland law that the plaintiff must prove that "[t]he defendant owed a duty to the plaintiff to disclose a material fact." Id at 5, 8; 10.

The defendant is the Trustee, who has a legal or fiduciary duty or disclose any information. It is an exigency to the Maryland State Statutes:

A) Maryland Code section 14-405(j)

B) Maryland Code section 14.5-813(a)

C) Maryland Rule 10-706(a)

The defendant would be cognizant of these Statutes. Under Davidson v. Blaustein, 247 F. Supp. 225 (1965) the Maryland Federal District court, explicated the misappropriation of assets (Doyle v. Loring), discovery of accounting may be accepted in a Federal Court (Fraudulent Concealment).

The Maryland Court of Appeals has defined the element of affirmative fraudulent concealment of material facts see Green v. H&R Block, Inc., 355 Md. 488, 525 (1999):

9

"(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment."

Quoting also the Maryland Court of Special Appeals of Gordon v. Lewis, No. 1505 September Term, 2011, "A person can be liable for fraud either for knowingly making a false statement of material fact, or for concealing material facts when that person has a duty to disclose." Id at page #15.

As to the unreported Opinion of the Court of Special Appeals on page 5, states that the appellant "seeks a Court order to require Samuel to turn over financial records to him, and he asks the Court to remove Samuel as trustee. These were the same claims presented in the 2017 case."

In page 9 of the Original Complaint (2017) the "Request for Relief" asks the Court for the "Immediate Removal of Samuel J. DeBlasis, II, as Trustee… Moreover, I am asking this court to immediately appoint a Special Trustee to take possession of the Trust Property and Administer the Trust." As the Complaint states in the front cover, the claim was a "Serious Breach of Trust." (Case #13-C-17-111663).

The subsequent or second case, the Complaint to the Court in the "Prayer for Relief" section, asks the Court to assume supervisory jurisdiction of the trust, regarding Gertrude DeBlasis Estate and Trust. The request is not what the Court of Special Appeals has erroneously stated, illustrated on page 5 of their Opinion. These obviously are not the same claims.

As their own Court did in a case of Davis v. Attorney General, No. 123, Sept. Term, (2009). They had assumed supervisory jurisdiction over preservation of the trust assets and the

Trustee was supervised by the Court to proceed with their overview and approval of her fiduciary responsibilities of the Trust. (Final paragraph before affirming the decision, page 12.)

The Plaintiff was not asking for removal of the Trustee, just the overview and supervision by the Court of the Trustee to give all information that was requested by the Plaintiff. (Case No. C-13-CV-19-001256) page 10.

As the Court has erroneously stated once again on page 5 of their Opinion, quote "The only difference between the two cases is that the financial records that Michael is currently seeking pertain to the administration of Mrs. DeBlasis trust, while the records that he sought in the 2017 action, pertained to his trust. It was, and is, Michael's position that his request for the records of Mrs. DeBlasis Trust was 'a separate matter'... He is correct in one sense..." The Courts exposition is that the Appellant "Could have requested those records in the earlier action." Opinion at page 5.

However, the Appellants claim is not the same as contestation in the original or first action because the two claims, as the Court above has suggested, that it is a separate claim or demand see Davis v. Brown, 94 U.S. 423 (1876). Lawlor v. National Screen Services Corp., 349 U.S. 322 (1955) states claim preclusion, "[i]t cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." At 327.

The Supreme Court of Minnesota in Hauschildt v. Beckingham, 686 N.W.2d 829 (2004) has stated "We have observed that neither res judicata nor collateral estoppel is to be rigidly applied." at page 6.

Once again, the Intermediate Appellate Court has confused and misread the subsequent Complaint. The Appellant asked the Court for relief of Gertrude DeBlasis complete records of

11

her Estate and not just her Trust, and for the Circuit Court to assume <u>supervisory</u> jurisdiction, in other words, to observe, oversee and order the information requested from the Trustee, not to remove the Trustee.

Unlike <u>Jacob v. Davis, 738 A.2d 904 (1999)</u> for which the Court of Special Appeals ruled on the rights of a remainderman to his stepmothers trust for a complete accounting, even though the Appellants lawyer (Wheeler) asked for "the kitchen sink" approach to information, this is not germane to the immediate review at hand before the Court. Appellant William Jacob was suing for an accounting of his step-mothers husbands Trust. William Jacob did not have a Trust.

Whole Women's Health v. Hellerstedt, 579 U.S. \_\_\_\_\_ (2016) as quoted by the Supreme Courts Lucky Brand case supra, 590 U.S. \_\_\_\_\_ (2020) states that "Claim preclusion generally does not base claims that are predicated on events that postdate the filing of the initial complaint."

The immediate matter involved different conduct, the Appellee's reply to Appellants letter without the information from Gertrude DeBlasis Estate and Trust records, for which are legally required to be given to a beneficiary when requested. (i.e. Maryland Statutes)

A) Maryland Code section 14-405 (j)

B) Maryland Code section 14.5-813 (a)

C) Maryland Rule 10-706 (a)

It also involved different subject matter, i.e., the removal of the Trustee and for the Circuit Court to assume jurisdiction of the Michael E. De Blasis Trust and appoint a successor Trustee in the first suit and Gertrude DeBlasis Estate and Trust records in the subsequent suit which are distinctly different claims.

The subsequent suit occurred at a different time (2020).

12

The prior rights of the Defendants judgment would not be impaired.

The newly modified reviewed formula makes sense. The Court of Special Appeals Opinion is not dispositive of this case. The Appellant would not be able to bring Gertrude DeBlasis Estate and Trust records into a matter of removing the Trustee in Michael De Blasis Trust matter.

The Appellant was requesting the Circuit Court to end the fiduciary relationship with the Trustee and assume control over this Trust, asking for Gertrude's financial information at that time would not be appropriate to the matter at hand. Gertrude's financial information is a distinctly separate claim or transaction.

**PRAYER FOR RELIEF**

In Baker v. Carr, 369 U.S. 186 (1962), the Supreme Court stated "When a State exercises power wholly within the domain of state interest, it is insulated from federal judicial review. But such insulation is not carried over when state power is used as an instrument for circumventing a federally protected right." Id at Page 569 U.S. 231.

Because the State of Maryland did nothing to vindicate the guaranteed right of due process of law in all three Courts and that the defendant has concealed the information (that will not preclude or bar the subsequent case) that was requested and the plaintiff has every statutory and legal right (i.e., Jacob v. Davis, 738 A.2d 904 (1999) under Maryland law to receive the requested information, I respectfully ask this Honorable Court with the federal judicial machinery, to reverse these decisions and remove the defendant as Trustee and for the Court to take jurisdiction and appoint a successor Trustee.

Dated: *March 30, 2022*

*Michael R. De Blasis*
Print Name

Michael E. De Blasis
Plaintiff in Pro Per

**V. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20__.

Signature of Plaintiff  *Michael E. De B*
Printed Name of Plaintiff  *MICHAEL E. DE BLASIS*

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

**B. For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney  _____
Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Address  _____
Telephone Number  _____
Email Address  _____

8