IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL E. DEBLASIS,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case 1:22-cv-00771 JRR |
| **SAMUEL J. DEBLASIS, II,** | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Dismiss. (ECF No. 7; the "Motion".) Plaintiff has filed no response to the Motion. No hearing is necessary. Local Rule 105.6.

## BACKGROUND

Self-represented Plaintiff Michael DeBlasis has filed this action asserting that "three Maryland Courts" have violated his right to due process guaranteed under the Fourteenth Amendment to the United States Constitution "and 42 U.S. Code § 1983." (Complaint, ECF No. 1.) Throughout the Complaint, Plaintiff makes general, but rather opaque and confusing, reference to estate documents, fiduciary duties owed by a trustee, as well as Maryland's Estates and Trusts statute. Plaintiff appears to take issue with various Maryland state legal proceedings and spends a considerable portion of the Complaint presenting improper argument regarding claim and issue preclusion. In his Prayer for Relief (ECF No. 1 at ECF p. 11), Plaintiff asks this court to "reverse" decisions of Maryland state courts and to "remove the defendant as Trustee and for the Court to take jurisdiction and appoint a successor Trustee."

As best the court can discern, Plaintiff asserts he was wronged in connection with Maryland state court litigation pertaining to a trust in which he asserts an interest; Plaintiff appears to complain that Defendant violated a fiduciary duty or duties in connection with a trust; and Plaintiff takes issue with the outcome or process (or both) of these state court matters.

Importantly, the court is always mindful that court papers filed by self-represented parties – as Plaintiff is here – are held to a less rigorous standard than those drafted by attorneys. As set forth herein, however, Plaintiff fails to set forth a basis for the court to exercise subject matter jurisdiction over this action. Further, Plaintiff's Complaint violates the court's rules on pleadings and is nearly impossible to navigate or comprehend, and otherwise fails to state a claim as a matter of law.

## LEGAL STANDARDS

### Federal Rule of Civil Procedure 12(b)(1)

"It is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exist[], or that a case fails to state a claim." *Ferebee v. Atty. Jeanett P. Henry, LLC*, No. PWG-17-1397, 2017 U.S. Dist. LEXIS 100809, at *2 (D. Md. June 28, 2017) (citing *Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-308 (1989)).

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction involves a court's power to hear a case; it may not be forfeited or waived. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535

U.S. 625, 630 (2002)). "A court may consider subject matter jurisdiction *sua sponte* as part of its initial review of the Complaint." *Ferebee*, 2017 U.S. Dist. LEXIS 100809, at *2; *see Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (explaining that the determination of "subject matter jurisdiction at the outset of the litigation is often the most efficient procedure").

### **Federal Rules of Civil Procedure 8(a) and 12(b)(6)**

Pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "In 2007, the Supreme Court of the United States set forth a new standard to be applied in assessing whether, under Rule 8(a)(2), a claim was articulated sufficiently to permit a court to conclude that, if its allegations were proved, relief could be granted. In so doing, the Supreme Court retired the standard of sufficiency under Rule 8(a)(2) that was set in *Conley v. Gibson*, 355 U.S. 41, [] (1957)." *Macronix Int'l Co., Ltd. V. Spansion, Inc.,* 4 F. Supp. 3d. 797, 799 (E.D. Va. 2014). The *Conley* Court explained the requirements for a legally sufficient complaint as follows:

> The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' [citing Rule 8(a)(2)] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this.

*Conley v. Gibson*, 355 U.S. at 48.

"In *Twombly*,[1] the Court changed significantly how the legal sufficiency of a claim is to be measured when it is attacked under Rule 12(b)(6). As one eminent scholar of federal civil procedure has said of *Twombly*: 'Notice pleading is dead. Say hello to plausibility pleading.'" *Macronix,* 4 F. Supp. 3d at 799-800 (quoting A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C.

---

[1] *Bell Atl. Corp., v. Twombly,* 550 U.S. 544 (2007)

L. REV. 431, 431-32 (2008)). The "liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) has been decidedly tightened (if not discarded) in favor of a stricter standard requiring the pleading of facts painting a 'plausible' picture of liability." *Id.; see also Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 262 (4th Cir. 2009) (Jones, J., concurring in part, dissenting in part, and remarking that "*Twombly* and *Iqbal*[2] announce a new, stricter pleading standard.")

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint. It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the

---

[2]*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 21-cv-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

**ANALYSIS**

Federal courts lack authority to exercise appellate jurisdiction over final state court judgments, which is – as best the court can discern – precisely what Plaintiff requests the court do. *See, e.g., Thana v. Bd. of Lic. Comm'rs for Charles County*, 827 F.3d 314, 319 (4th Cir. 2016) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (*per curiam*)); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005))). Further, although the court discerns that Plaintiff intends to complain, pursuant to 42 U.S.C. § 1983, that his Fourteenth Amendment right to due process was violated by way of state court final judgments, the Complaint fails as a matter of law because no plausible facts are alleged that Defendant, acting under color of state law, injured Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution. As such, Plaintiff has failed to state a section 1983 claim for which relief can be granted. *West v. Atkins*, 487 U.S. 42 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) (both cases holding that a § 1983 claim requires the alleged rights violation to have been perpetrated by a person acting under color of state law.)

In sum, the court lacks jurisdiction to provide the relief Plaintiff seeks and the Complaint otherwise fails to state facts or any plausible basis on which the court could provide Plaintiff relief as a matter of law.

**CONCLUSION**

For the foregoing reasons, by separate order, the Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

/S/
_____

April 3, 2023

Julie R. Rubin
United States District Judge